UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>JAMES DEKOKER,<br><br>　　　　　　Respondent. | CASE NO. 3:10-mc-05025-BHS-KLS<br><br>MAGISTRATE JUDGE CERTIFICATION |

The undersigned Magistrate Judge is issuing this Certification pursuant to 28 U.S.C. § 636(e)(6) for the purpose of the District Judge Benjamin Settle conducting a show cause hearing requiring the Respondent to show cause why he should not be found in civil contempt.  The Show Cause hearing is scheduled for **Monday, May 9, 2011 at 11:00 a.m. before the Honorable Benjamin Settle at the Federal Courthouse in Tacoma, Courtroom E and the Respondent is directed to be present for that hearing.**

The undersigned notes that the Petitioner filed three Petitions to Enforce Internal Revenue Service Summons which were then filed as three separate suits.  In addition to United States of America v. James De Koker (C 10-5025), suits were filed under United States of

Magistrate Judge
Certification                - 1

1  America v. Maria De Koker (C 10-5025) and United States of America v. James De Koker, as
2  President of Country Tractor & Garden, Inc. (C 10-5026).  The undersigned is filing a
3  Certification in each of the three cases with the substance of each Certification being the same.
4         For purposes of the certification, the Magistrate Judge certifies the following facts:
5         On October 26, 22010 the United States filed a Petition to Enforce Internal Revenue
6  Service Summons. ECF No. 1.  Judge Settle signed the Order of Enforcement of Summons on
7  January 6, 2011 (ECF No. 8) which directed James De Koker, Respondent, to appear before
8  investigating Revenue Agent Sandy Bowman, or any other proper agent, officer, or employee of
9  the Internal Revenue Service, not later than twenty (20) workdays following the entry of the
10 Order.   The Respondent had until February 4, 2011 to comply with the Court's order.
11        The Respondent appeared before Revenue Agent Bowman on February 7, 2011 but did
12 not produce documents in compliance with the Internal Revenue Service summons or provide
13 any testimony.  ECF No. 10-1 (Declaration of Sandy Bowman).  When the Respondent appeared
14 he had with him a box that was taped shut with duct tape.  He told Revenue Agent Bowman that
15 the box contained records.  Because it was duct taped shut Revenue Agent Bowman asked the
16 Petitioner to open it and he refused.  The Respondent told the Revenue Agent that the box was
17 duct taped shut so that the "box would not open and spill out the records."  ECF No. 14
18 (Affidavit of Fact by James De Koker).  Revenue Agent Bowman refused to accept the taped box
19 and it remains in the possession of the Respondent.  In response to the Court's inquiry at the
20 hearing held on April 27, 2011, the Respondent provided the same reason as to why the box was
21 taped with duct tape.   The undersigned pointed out that there are boxes available that have
22 covers which would prevent records from spilling out and that there are envelopes available that
23 can easily be sealed that would prevent records from spilling out and the undersigned again
24 inquired as to why the box was sealed with duct tape.  The Respondent could not give a reason.

Magistrate Judge
Certification            - 2

The Court finds that the box was not taped shut to keep records from spilling out but rather as a defiant act in response to the subpoena.

The undersigned finds that Revenue Agent Bowman was justified in not accepting the box that was duct taped shut. The Agent had no knowledge as to what was in it, there could have been something harmful in the box and coupled with the fact that the Respondent refused to open it himself the Agent had legitimate concerns for her safety. The undersigned concludes that Agent Bowman's decision to not take possession of the box was reasonable in light of the facts, or lack of facts, then known to her.

The Petitioner filed a Motion for Order to Show Cause Regarding Contempt of Court (ECF No. 10) and the undersigned signed an Order Requiring Respondent to Show Cause Regarding Contempt of Court on March 30, 2011 and scheduled the hearing for April 27, 2011 at 10:00 a.m. The Respondent appeared at the hearing. The Respondent did not have the taped box with him at the show cause hearing nor did he have any of the records listed in the Summons with him at the hearing. The Petitioner was represented by AUSA Brouillard.

Prior to the hearing, the Respondent filed a Petition for Order in the Nature of a Writ Quo Warranto (ECF No. 14) and a Motion to Dismiss for Insufficiency of Process and for Failure to State a Claim Upon Which Relief Can Be Granted. ECF No. 15. The Petitioner did not file anything in opposition to the two documents filed by the Respondent.

At the hearing on April 27, 2011 the undersigned heard argument from the Respondent in support of the two motions he filed.

The Motion to Dismiss (ECF No. 15) is based on the premise that the Petitioner must institute any proceeding against the Respondent by following the Federal Rules of Civil Procedure to include filing a complaint (as opposed to a petition) and service of a summons and complaint on the Respondent. The Respondent argues that failure to do so results in the court

Magistrate Judge
Certification        - 3

1  lacking jurisdiction and the case should therefore be dismissed for insufficiency of process and
2  failure to state a claim.  The Court finds this argument to be frivolous.  26 U.S.C. § 7402(b) and
3  7604(a) provide that enforcement shall be "by appropriate process."  "Appropriate process"
4  required by these two sections is met when the Respondent is afforded an "adversary hearing."
5  *United States of America v. Ruggeiro,* 300 F. Supp. 968, 972 (9th Cir. 1969).  The undersigned
6  finds that the procedure followed by the Petitioner affords the Respondent "appropriate process."

7  The second motion filed by the Respondent asks the Court "to compel the United States
8  Attorneys to show by what authority they bring this action to enforce an IRS summons in a
9  manner that does not comply with the **Federal Rules of Civil Procedure,** namely **Rules 2, 3, 4,**
10 **and 17.**"  ECF No. 14.   For the reasons set forth above, the undersigned finds that the cited civil
11 rules do not apply to this proceeding.  In addition, AUSA Brouillard, who represents the
12 Petitioner, pointed out that Title 26 of the United States Code sets forth the law.  At no time did
13 the Respondent assert that he was not a United States citizen.  In fact, he asserted that he paid
14 taxes until he determined that there was no law that defined him as a taxpayer.

15 The Respondent asserted no other defenses against the Summons issued by the Petitioner.
16 At the hearing, the undersigned stated that she would file a Certification for consideration
17 by the District Judge in his determination as to whether the Respondent should be found in civil
18 contempt for his failure to comply with the duly authorized summons.  The undersigned further
19 advised the Respondent that should the judge find him in civil contempt, that he would have the
20 ability to purge himself of that contempt by providing the records that were listed in the
21 Summons.  ECF No. 1-2.

22 In addition, the undersigned advised the Respondent that she was scheduling a hearing
23 before Judge Settle, for his consideration as to whether the Respondent should be found in
24

Magistrate Judge
Certification           - 4

1  contempt of court, for Monday, May 9, 2011 at 11:00 a.m. and that this Certification would also
2  set forth that scheduling information.
3      The undersigned finds that the Respondent failed to comply with the Summons and has
4  not produced any records in good faith and has not provided appropriate testimony as directed in
5  the Summons.  The undersigned recommends that the District Judge conduct a hearing on May
6  9, 2011 to hear evidence as to the act or conduct complained of and, if it is such as to warrant
7  punishment, punish the Respondent in the same manner and to the same extent as for a contempt
8  committed before a district judge.  28 U.S.C. § 636(e)(6).
9      The Clerk of the Court is directed to mail a copy of this Magistrate Judge Certification to
10 the Respondent, James De Koker.
11     DATED this 27th day of April, 2011.

                                      Karen L. Strombom
                                      United States Magistrate Judge